# Supreme Court of the Navajo Nation

**The Navajo Nation,** *Plaintiff-Appellee,*

*vs.*

**Wilson Devore Jr.,** *Defendant-Appellant.*

Decided June 23, 1987

## OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

*F.D. Moeller, Esq., Farmington, New Mexico for the Appellant; William E. Miller Jr., Esq., Office of the Prosecutor, Navajo Nation, Window Rock, Arizona for the Appellee.*

*Opinion delivered by Bluehouse, Associate Justice.*

The Defendant, Wilson Devore Jr., appeals his conviction by the court of Reckless Driving. 14 N.T.C. §455 (1972). The Judgment and Mittimus was signed by the district judge on April 9, 1987, and the defendant filed his notice of appeal on May 12, 1987. On May 15, 1987, the Navajo Nation filed a motion opposing appeal arguing that the notice of appeal was not timely filed pursuant to Rule 2(c), Navajo Rules of Appellate Procedure. We agree with the Navajo Nation and dismiss the appeal for lack of jurisdiction.

An appeal of a final judgment or order must be filed with the Supreme Court "within 30 days after the day such judgment or order is rendered. . . ." 7 N.T.C. §801(a) (1985). This statute is jurisdictional, and this Court is without jurisdiction unless the appeal is filed within 30 days after the final order is signed by the district judge. *The Navajo Tribe of Indians v. Yellowhorse, Inc., et al.,* 5 Nav. R. 133 (1987); *Riverview Service Station v. Eddie,* 5 Nav. R. 135 (1987); *Viva Rancho Motors, Inc., v. Tully,* 5 Nav. R. 145 (1987); *Window Rock Mall, Ltd., et al. v. Day IV,* 3 Nav. R. 58 (1981). And if mail filing is used, the notice of appeal, a certified copy of the final order, and the filing fee must all be received and stamped as filed by the Supreme Court Clerk within 30 days from the date the final order is

signed by the district judge. *In the Matter of Adoption of: Baby Boy Doe,* 5 Nav. R. 141 (1987); *Viva Rancho Motors, Inc. v. Tully,* 5 Nav. R. 145 (1987).

We interpret Rule 2(c), Navajo Rules of Appellate Procedure[1], as being consistent with 7 N.T.C. §801(a) (1985). We have stated before that the language, an appeal must be filed "within thirty calendar days of the date the final judgment or order being appealed was entered in the record by the District Court," means the appeal time begins to run the day after the district judge signs the final order. *The Navajo Tribe of Indians v. Yellowhorse, Inc.,* 5 Nav. R. 131 (1987); *See also In the Matter of Adoption of: Baby Boy Doe,* 5 Nav. R. 141 (1987).

The appeal in this case was filed one day late. In the case of *Whitehorse v. The Navajo Nation,* 4 Nav. R. 55 (1983), the appeal was dismissed for being one day late. There is no doubt that we have declined to review appeals for lack of jurisdiction in the past for lateness. This case fits into that category of cases.

The motion to dismiss the appeal is granted.

---

1. The Navajo Rules of Appellate Procedure still governs criminal appeals to this Court. These rules will remain in effect until new rules of procedure for criminal appeals are adopted.